IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LAKEDRA MONIQUE WRIGHT**                                                               **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO. 3:22CV1-DAS**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**
**DEFENDANT**

## MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision by the Commissioner of the Social Security Administration denying her application for disability insurance benefits and/or supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds the decision of the Commissioner of Social Security should be affirmed.

## FACTS

The plaintiff, Lakedra Monique Wright, filed for disability and SSI benefits on April 12, 2019, alleging onset of disability commencing on August 8, 2017. The Social Security Administration denied the claim initially and on reconsideration. Her insured status does not expire until the end of 2023. During the hearing the date of onset was amended to March 1, 2019, based on a new diagnosis of transverse myelitis during a hospitalization at that time.

Following the hearing, the ALJ issued an unfavorable decision on May 21, 2021. (Dkt. 7 p. 48-69).[1] The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined this claimant had the following severe impairments: lumbar spine disc disease, diabetes mellitus, peripheral neuropathy, neuromyelitis optica, and dsystonia/idiopathic transverse myelitis, depression and polysubstance abuse. The ALJ found Wright retained the residual functional capacity (RFC) to perform a limited range of sedentary work with postural and environmental limitations. The ALJ found Wright is limited to performing simple, routine tasks and making simple work-related decisions. She can handle only occasional contact with the public, supervisors, and co-workers. She cannot do production quota work or work with mandated teams.

The ALJ found Wright cannot perform her past relevant work as a bill collector but found, based on the testimony of the vocational expert, that she could do other jobs that exist in substantial numbers in the national economy. The ALJ, therefore, determined Wright was *not* disabled.

The plaintiff raises two issues on this appeal.

## ANALYSIS

### Step Two Error

First, the plaintiff argues the ALJ committed error when she failed to recognize her anxiety disorder as a severe impairment or even as a non-severe impairment. The plaintiff was diagnosed with and treated for an anxiety disorder. This disorder was not listed among the seven diagnosed conditions the ALJ found severe. Nor did the ALJ include the diagnosis in the list of non-severe impairments. The plaintiff argues this is reversible error.

---

[1] All references are to the administrative record using the court's numbering system rather than the administrative numbering.

The Commissioner counters that the error is harmless because the evaluation of the claim proceeded beyond step two. As noted by the Commissioner, in *Jones v. Bowen,* 829 F.2d 524, 526, n. 1 (5th Cir.1987), the Fifth Circuit Court of Appeals rejected the claimant's Step Two argument as disingenuous. The court found that because the analysis proceeded to Steps Four and Five, any error was harmless. The claimant had argued his hypertension should have been designated severe. As this court noted in *Smith v. Commissioner of Social Security*, Civ. No. 3:17cv63, 2018 WL 3463278, n. 2 (N.D.Miss. July 18, 2018), hypertension, unless it progresses to cause significant organ damage, was once listed in now rescinded SSR 82-55 as an example of a non-severe impairment. This is because unless the disease has caused organ damage, as deadly as hypertension can be, it commonly does not cause functional work restrictions. Therefore, the flimsiness of Jones' argument and the lack of prejudice is obvious within the factual context of that case.

In *Cagle v Colvin*, Civ. No. H-12-0296, 2013 WL 2105473, at *5 (S.D. Tex. May 14, 2013), also referenced in the Commissioner's brief, the court's reasoning shows that it is not the fact of going beyond Step Two that purges any prejudice from an erroneous Step Two decision. Rather,

> [T]he failure to find a particular impairment severe at step two is not reversible in and of itself as long as the ALJ finds that at least one other impairment is severe. *However, even if an impairment is found non-severe at step two, the ALJ must still "consider the limiting effects of all [a claimant's] impairment(s), even those that are not severe, in determining [RFC]."* 20 C.F.R. §§ 404.1545(e), 416.945(e); *see also* 20 C.F.R. § 404.1523; Social Security Ruling 96–8p, 1996 WL 374184, at *5; *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir.2000).

*Cagle* 2013 WL 2105473, at *5. Emphasis added.

Merely going beyond Step Two does not per se fix prejudice from a Step Two error. These errors are cured and become harmless if all of claimant's limitations, including any limitations arising from any non-severe conditions are included in the RFC.

Here the ALJ, in an otherwise very thorough and extended decision, erred when she omitted any mention of the plaintiff's medically determined impairment of anxiety at Step Two and failed to find her anxiety was either a severe or non-severe impairment. However, the court finds the error is harmless.

First, any reading of the decision makes it clear that the ALJ was aware of the diagnosis, symptoms, and treatment for anxiety as all are not merely mentioned but discussed in the decision. The failure to include anxiety in the findings of severe impairments likely is no more than an inadvertent omission, especially since nothing in the decision indicates that the ALJ rejected or questioned the diagnosis.

Furthermore, the RFC clearly reflects significant limitations based on Wright's mental conditions by limiting Wright to simple, routine, non-production pace work and only occasional contact with the public, supervisors, and co-workers. While the plaintiff has attempted to argue that the ALJ should address these two conditions and limitations arising from them separately, the court is satisfied that all of Wright's mental limitations were addressed in the RFC whether arising from her depression, her anxiety, or both.

There are three expert opinions in the record addressing Wright's mental health limitations from a consultative examiner and two agency consultants. Two of the providers noted the diagnosis of depression. One also noted the anxiety diagnosis. Their findings and opinions are similar.

The consultative examiner, Hugh D. Moore, Ph.D., evaluated Wright in July 2019, diagnosing her with a major depressive disorder, moderate severity, single episode and polysubstance abuse disorders. He noted she was not receiving formal mental health therapy at that time. This examiner found she had no significant impairment to memory or understanding;

4

moderate impairment to her ability to concentrate, persist, and maintain pace; mild to moderate impairment in social interaction and moderate impairment of general adaptation.

A reviewing psychologist, Edward Sachs, Ph.D., in August of 2019, found Wright had a depressive disorder. The psychologist found she had no limitation in her ability to understand remember or apply information; mild limitation in her ability to interact with others; and moderate limitation in the ability to concentrate, persist, and maintain pace. She had moderate limitation in her ability to adapt or manage herself but could adapt to gradual and infrequent changes. This expert opined she could perform simple and detailed tasks over a full work week.

Dr. Sandip Sen, M.D., reviewed the records on reconsideration in October, 2019. This doctor found that she suffered from medically determined impairments of depression and anxiety. Dr. Sen found her conditions were well controlled with medications and she was not in formal therapy. The doctor found she had only mild limitations in all the paragraph b criteria.

The ALJ found each of these three opinions partially persuasive, but found Wright had mild limitations in understanding, remembering, and applying information; and moderate limits in interacting with others; in her ability to maintain concentration, persistence, and pace; and in her ability to adapt and manage herself. As a result, the ALJ imposed substantial limitations based on Wright's mental impairments, including her anxiety in including those limitations. Given that her anxiety was covered by the medical opinions finding only mild restrictions, and that the judge found more serious paragraph b limitations than any of the professional evaluators, the court finds the error at Step Two, omitting the anxiety diagnosis is harmless.

**Contradiction on Mental Health Treatment**

Next, the plaintiff argues the ALJ erred when she failed to resolve the contradiction between the ALJ finding Wright was not undergoing any mental health treatment and Wright's

5

testimony that she was seeing a psychiatrist once per month. The plaintiff notes the ALJ's statement that Wright denied current treatment with a psychiatrist or being hospitalized for psychiatric treatment. Tr. 64. She also notes that the ALJ's decision references Wright being seen at a clinic and diagnosed with depression, anxiety and substance abuse and being prescribed medications. Beyond dispute Wright testified that she was, at the time of the hearing, seeing a psychiatrist on a monthly basis. The ALJ expressly acknowledges this testimony. The decision provides: "The claimant testified that she receives mental health treatment. She sees a psychiatrist once a month for talking and medication. She does not see a therapist." R. 58.

      The court finds there is no conflict or contradiction, but instead the ALJ is referencing different times during the process. Wright underwent a consultative examination in July 2019. While Wright was already receiving prescriptions of Cymbalta and Valium from her neurologist, she told the consultative examiner that she was not receiving any formal therapy at that time. The fact that she was alleging mental health problems, but not receiving any treatment for these problems at the time of the consultative examination was a fact the ALJ could and did consider when she weighed the severity of Wright's mental health issues.

      Two months after this consultative examination, the plaintiff was seen and diagnosed for her mental health problems and thereafter began seeing a psychiatrist monthly. This belated treatment was a fact the ALJ could and did consider when she weighed the severity of her mental problems. This later treatment likely explains the ALJ's decision to find Wright more impaired than any three professionals. The recitation regarding Wright's mental health treatment is accurate and there is no contradiction to be resolved and therefore no error.

## **CONCLUSION**

After considering the matter, the court finds no prejudicial error and that the decision is supported by substantial evidence. Accordingly, the Commissioner's decision is affirmed in its entirety.

**SO ORDERED AND ADJUDGED**, this the 4th day of August, 2022.

/s/ **David A. Sanders**
**U.S. MAGISTRATE JUDGE**